```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

SHAMANE McFADDEN,

        Plaintiff,

v.                                          Case No. 5:19-cv-251-Oc-39PRL

MARCUS KRUGER and F.W.R.C.
DEPARTMENT OF CORRECTIONS
MEDICAL PROVIDER,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Shamane McFadden, an inmate of the Florida Women's Reception Center (FWRC), initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) and a motion to proceed in forma pauperis (Doc. 2).[1] Finding the Complaint deficient, this Court directed Plaintiff to file an amended complaint, see Order (Doc. 12), which is now before the Court for initial screening. In the Amended Complaint (Doc. 13; Am. Compl.), Plaintiff names two Defendants, officer Marcus Cruger[2] and the Florida Department of Corrections (FDOC) medical provider for the FWRC. See Am. Compl.

---

[1] Plaintiff initiated the case in the Orlando Division. Shortly after she filed the action, the Orland Division transferred the case to this Court. See Order (Doc. 4).

[2] In the Amended Complaint (Doc. 13), Plaintiff spells this Defendant's name with a "C." In her original Complaint (Doc. 1), however, Plaintiff spelled this Defendant's name with a "K." The docket and the case caption reflect the spelling as reflected in the initial filing, which is "Kruger."

at 2. She asserts Defendant Cruger negligently slammed a door on her finger, which resulted in part of her finger being severed. Id. at 4-5. Plaintiff had surgery, but the doctor could not reattach the severed piece of her finger because it was not properly preserved. Id. at 5. As relief, Plaintiff seeks compensatory damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Amended Complaint is subject to dismissal under this Court's screening obligation because she fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [her] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175.

Plaintiff does not identify a constitutional amendment Defendant Cruger allegedly violated. See Am. Compl. at 3. Construing her allegations liberally, the most logical source of

constitutional protection is the Eighth Amendment. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson v. McMillian, 503 U.S. 1, 9 (1992). However, not "every malevolent touch" by a prison official constitutes a malicious and sadistic use of force. Id. at 10. To establish a violation of the cruel and unusual punishment clause, a plaintiff must allege "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). De minimis uses of physical force, even if unnecessary, do not violate the Eighth Amendment provided the force is not "of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 10 (quoting Whitley, 475 U.S. at 327).

Plaintiff's allegations do not state an Eighth Amendment violation. Plaintiff asserts Defendant Cruger was "angry" because the foyer was over capacity and, without warning and out of frustration, he slammed the door. See Am. Compl. at 5. Plaintiff alleges no conduct or state of mind demonstrating Defendant Cruger acted maliciously or sadistically to cause her harm. For instance, she does not allege Defendant Cruger knew her finger was in the door jam or closed the door with the intent to harm her. Notably, Plaintiff was not the only inmate in the area being secured; Plaintiff states there were over 50 inmates in the area. Id. at 3.

In Plaintiff's own words, Defendant Cruger acted "without regard for inmate safety," id., which speaks to negligence rather than to an Eighth Amendment violation. See Whitley, 475 U.S. at 319. Negligence is not a constitutional violation under § 1983. See Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("Accidents, mistakes, negligence, and medical malpractice are not constitutional violation[s] merely because the victim is a prisoner.") (internal quotation marks omitted; alteration in original). See also Daniels v. Williams, 474 U.S. 327, 332 (1986) (stating, in a due process context, a "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person").

Plaintiff also fails to state a claim for relief against the FDOC medical provider for the FWRC. The Supreme Court has held that states, including state agencies and arms of the state, are "not persons within the meaning of § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 70 (1989). The Department of Corrections, a state agency, is not a person amenable to suit under § 1983. See Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) (holding a claim for damages under § 1983 against the FDOC was frivolous).

Even if Plaintiff identified a specific individual as a defendant, she does not allege the individuals involved in her

5

treatment acted with deliberate indifference to a serious medical need. In fact, she alleges she was sent to the hospital where she had surgery. A failure to properly preserve severed tissue suggests medical negligence, which is insufficient to establish liability under § 1983. See Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'").

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of September, 2019.

*[signature: Brian J. Davis]*

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Shamane McFadden